UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| SANDRA SCAMMAN,<br><br>                    Plaintiff<br><br>         v.<br><br>GEICO CASUALTY COMPANY,<br><br>                    Defendant | Case No. 2:21-cv-02189-APG-NJK<br><br>**Order Remanding Case for Lack of Subject Matter Jurisdiction** |

    Defendant GEICO Casualty Company removed this case to federal court on December 13, 2021. ECF No. 1. The removing party has the burden of proving that removal is proper and that this court may properly assert jurisdiction over the parties and dispute. In its petition for removal, GEICO notes that the plaintiff seeks up to the policy limit in the complaint and it states that the policy limit is $500,000. *Id.* at 3. However, GEICO did not offer evidence of the policy limit. Additionally, it offered no evidence that $500,000 (or that more than $75,000) is a good faith estimate of the plaintiff's damages. I therefore directed GEICO to show cause why this case should not be remanded for lack of subject matter jurisdiction. ECF No. 7.

    In its response, GEICO presents evidence of the policy limit being $500,000. ECF No. 15-1. But it presents no evidence to show that more than $75,000 is a good faith estimate of the plaintiff's damages. To the contrary, GEICO submits evidence that after the third-party tortfeasor paid the plaintiff $15,000, the plaintiff documented less than $10,000 in unpaid medical bills and requested that GEICO make a settlement offer. *Id.*; ECF No. 15-2. GEICO therefore has not met its burden of showing that the amount in controversy requirement is satisfied.

    I THEREFORE ORDER that this case is remanded to the state court from which it was removed for all further proceedings. The clerk of the court is instructed to close this case.

    Dated: January 14, 2022.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE